Hearing Date and Time: April 23, 2015 at 9:45 AM

**MORRISON & FOERSTER LLP**
Brett H. Miller
Erica J. Richards
250 W 55th St.
New York, New York 10019
Tel: (212) 468-8000
Fax: (212) 468-7900

*Counsel for Grant Lyon,*
*as Unsecured Claims Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x
:
**In re**                                                 :    **Chapter 11**
:
**PINNACLE AIRLINES CORP.,** *et al.*,                    :    **Case No. 12-11343 (REG)**
:
      Debtors.               :    **(Jointly Administered)**
:
:
--------------------------------------------------------- x

**REPLY IN SUPPORT OF UNSECURED CLAIMS TRUSTEE'S OBJECTION TO THE
ALLOWANCE OF THE UNSECURED PORTION OF THE CLAIMS
OF THE JETU PLAINTIFFS**

ny-1184274

The Unsecured Claims Trustee (the "**Trustee**"), established pursuant to the terms of the Plan as successor in interest to the Debtors with respect to Unsecured Claims, hereby files this reply (the "**Reply**") in support of the *Unsecured Claims Trustee's Objection To The Allowance Of The Unsecured Portion Of The Claims Of The JetU Plaintiffs* [Docket No. 1337] (the "**Objection**").[1]  In support of the Reply, the Trustee respectfully represents as follows:

## REPLY

1. On March 16, 2015, the Trustee filed the Objection, which seeks the disallowance of 45 proofs of claim filed against Pinnacle (the "**JetU Plaintiff Claims**", and the claimants the "**JetU Plaintiffs**").

2. The JetU Plaintiff Claims arise from three separate civil complaints (collectively, the "**Complaints**"), each of which relates to an allegedly fraudulent flight training scheme established and managed by Jet University, Inc. ("**JetU**") and various of its affiliates and principals. Each of the JetU Plaintiff Claims asserts an unsecured claim against Pinnacle in the amount of $1 million, based on the theory that Pinnacle is liable to the JetU Plaintiffs under various agency, apparent agency and vicarious liability causes of action. As set forth in detail in the Objection, as a matter of law, the JetU Plaintiffs have not established the necessary elements for holding Pinnacle vicariously liable for the alleged misconduct of JetU under any of the causes of action set forth in the Complaints.

3. The Objection also objects to the amount and classification of the JetU Plaintiff Claims, on the basis that they are hyperinflated in amount. Each of the JetU Plaintiff Claims asserts a claim for $1 million, although the Complaints allege compensatory damages of between $14,000 and $100,000 per JetU Plaintiff. The JetU Platintiff Claims also lack

---

[1]  Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Objection.

evidentiary support for the stated amount of the claims, as no evidence of actual damages incurred by any specific JetU Plaintiff has been provided.

4. On April 6, 2015, the JetU Plaintiffs filed a joint response to the Objection [Docket No. 1341] (the "**Response**") and a supporting declaration submitted by a single JetU Plaintiff [Docket No. 1342] (the "**Dee Declaration**").

5. Upon the Trustee's filing of the Objection, the burden shifted to the JetU Plaintiffs to prove the validity of their claims by a preponderance of the evidence. *See Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000) ("[T]he objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim. . . . Once the [trustee] offered the evidence refuting the allegations in the proof of claim, the burden shift[s] to the [claimant]."); *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS. The Response fails rebut the evidence and arguments set forth in the Objection. Because the JetU Plaintiffs have failed to carry their requisite burden of proof, the Objection should be granted and the JetU Plaintiff Claims should be disallowed in their entirety.

6. In response to the Objection, the Response reiterates the JetU Plaintiffs' baseless argument that Pinnacle is liable under "agency and vicarious liability principles" because Pinnacle was a "partner of Jet U and/or . . . allow[ed] Jet U to hold itself out as being in a partnership with Pinnacle in offering flight training and a job guarantee." (Response at ¶¶ 11, 10.) These arguments are contradicted by the evidence in the record and the JetU Plaintiffs' own allegations.

7. "[A]n agency relationship requires: (1) the principal to acknowledge that the agent will act for it; (2) the agent to manifest an acceptance of the undertaking; and

(3) control by the principal over the actions of the agent." *Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1077 (11th Cir. 2003).  In order to sustain a claim for apparent agency, a plaintiff must prove three essential elements: (1) a representation by the principal to the plaintiff, which (2) causes the plaintiff reasonably to believe that the alleged agent is authorized to act for the principal's benefit, and which (3) induces the plaintiff's detrimental, justifiable reliance upon the appearance of agency.  *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1249 (11th Cir. 2014).  The Response relies on the following evidence to establish the existence of an agency relationship (either actual or apparent) between JetU and Pinnacle:

8. First – A copy of the careers page from the Pinnacle website referring interested applicants to JetU as an approved bridge program, as well as several other flight training programs.  (Response at ¶ 6.)  Significantly, the webpage states that JetU's program is designed "for Pinnacle Airlines,"—not "with" or "by" Pinnacle.  Nowhere does the webpage reference a partnership with JetU, nor does the website indicate that JetU graduates are guaranteed a position at Pinnacle.  The webpage does not establish the existence of an actual agency relationship between Pinnacle and JetU, nor does it constitute a representation by Pinnacle to any of the JetU Plaintiffs that such a relationship existed.

9. Second – A private e-mail from the director of admissions for JetU to a prospective student, indicating that Pinnacle instructors would be teaching portions of the JetU course and referring to a "partnership" with Pinnacle.  (Response at ¶ 7.)  No one from Pinnacle is copied on the e-mail, and there is no evidence that Pinnacle was aware of this e-mail, or any similar statements that may have been made by JetU employees or officers.  See Response, Exhibit 2.  As with the webpage, this e-mail does not establish the existence of an actual agency

-3-
ny-1184274

relationship between Pinnacle and JetU, nor does it constitute a representation by Pinnacle to any of the JetU Plaintiffs that such a relationship existed.

10. <u>Third</u> – A JetU recruitment brochure, which refers to "Airline Funded" portions of training. (Response at ¶ 7.) The brochure does not refer to any specific airline. Again, the brochure does not establish the existence of an actual agency relationship between Pinnacle and JetU, nor does it constitute a representation by Pinnacle to any of the JetU Plaintiffs that such a relationship existed.

11. <u>Fourth</u> – Testimony by Heath Cohen, the owner of JetU, that Pinnacle and JetU were parties to an agreement pursuant to which Pinnacle agreed to accept qualified JetU graduates as pilot candidates. (Response at ¶ 8.) That testimony has been expressly contradicted by the declaration of Loren Neuenschwander, Senior Vice President and Chief Financial Officer at Endeavor Air, f/k/a Pinnacle Airlines, Inc. (*see* Second Neuenschwander Decl., attached as Exhibit H to the Objection, at ¶ 3), and the JetU Plaintiffs have not provided any other evidence supporting the existence of such an agreement. Moreover, even if there were such an agreement, its existence would not establish a principal-agent relationship between Pinnacle and JetU, because the alleged terms of the contract do not grant any control to Pinnacle over JetU's operations. Accordingly, the evidence submitted by the JetU Plaintiffs regarding the existence of a contract between Pinnacle and JetU is insufficient to establish the existence of an actual agency relationship between the parties.

12. <u>Fifth</u> – Alleged JetU training materials provided by Pinnacle. (Response at ¶ 15.) There is no indication that the training materials attached to the Declaration are proprietary to JetU, or even that Pinnacle itself provided the materials to JetU. There is nothing in the materials that could constitute a "representation" that JetU was authorized to act as

-4-

Pinnacle's agent. Further, such materials were presumably provided to students only after they enrolled at JetU. Thus, the materials could not have been relied on by students when they made their decision to enroll at JetU and thereby incur tuition and other expenses. Thus, the fact that some of JetU's training materials bear the Pinnacle logo is not sufficient to establish the existence of an agency relationship between Pinnacle and JetU, either in fact or appearance.

13. Finally, the JetU Plaintiffs have not credibly alleged, much less proven, that JetU was acting in Pinnacle's interest in perpetrating a fraudulent flight school scheme, or that Pinnacle received any benefit from JetU as a result of JetU's wrongful acts. A principal will not be vicariously liable for the acts of its agent "when the wrongful act is committed by the agent to accomplish his own purpose and not to serve the interests of the principal." *Jones v. City of Hialeah*, 368 So. 2d 398, 400-01 (Fl. Dist. Ct. App. 1979); *Collazo v. John W. Campbell Farms, Inc.*, 213 F.2d 255, 258 (5th Cir. 1954); N*at'l Union Fire Ins. Co. v. Bonnanzio (In re Bonnanzio)*, 91 F.3d 296, 303 (2d Cir. 1996). If JetU and Pinnacle had in fact been engaged in a partnership, Pinnacle could only have benefitted if JetU actually provided Pinnacle with trained candidates. However, the JetU Plaintiffs' claims are based entirely on their allegations that JetU failed to provide students with promised training or job placement. (Response at ¶ 10.) There is no allegation that Pinnacle received any portion of the tuition paid by JetU students, and the Debtors have submitted testimony that all pilots hired by Pinnacle "underwent the same flight training after joining Pinnacle" and, thus, "Pinnacle did not receive any financial advantage from JetU's flight training program." *See* Second Neuenschwander Decl. ¶ 4. Because the JetU Plaintiffs have failed to plausibly allege that JetU was acting in a capacity as Pinnacle's agent when it carried out the alleged fraudulent scheme, the JetU Plaintiffs' claims against Pinnacle for vicarious liability necessarily fail.

14. For the reasons set forth herein and in the Objection, the Trustee submits that the JetU Plaintiffs have failed to rebut the Objection and prove their claims by a preponderance of the evidence. Accordingly, the Trustee respectfully requests that the Court grant relief requested in the Objection

Dated: April 20, 2015
      New York, New York

/s/ Brett H. Miller
**MORRISON & FOERSTER LLP**
Brett H. Miller
Erica J. Richards
250 W 55th St.
New York, New York 10019
Tel: (212) 468-8000
Fax: (212) 468-7900

*Counsel to Grant Lyon, as Unsecured Claims Trustee*